# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SEAN K. BORDELON** | : | **DOCKET NO. 2:05-cv-1874**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **JOEL D. ALEXANDRE, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a motion entitled "Motion of Retaliation" [doc. 5] filed by *pro se* plaintiff, Sean K. Bordelon. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

In this motion, the plaintiff states that the defendants are denying him adequate medical care in retaliation for his filing administrative grievances and this civil rights action against them. He seeks to have this court enjoin the defendants from retaliating against him in the future.

The law is clear that prison officials may not retaliate against an inmate for exercising his right of access to the courts or using the grievance system. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir.1995), *cert. denied,* 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996); *Gibbs v. King,* 779 F.2d 1040, 1046 (5th Cir.), *cert. denied,* 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986); *Gray v. Thompson,* 2002 WL 1544867, *3 (N.D.Tex.,2002). An action motivated by retaliation for the exercise of a constitutional right is actionable even if the complained of action might have been legitimate if taken for a different reason. *Woods v. Smith,* 60 F.3d at 1165. However, since claims of retaliation have the potential to cause a disruption in the discharge of prison officials' duties, the Fifth Circuit cautions that claims of retaliation must be viewed skeptically and scrutinized carefully. *Id.* at 1166. The inmate's burden of proof is significant when alleging a retaliation claim. The inmate must allege a violation of a specific

constitutional right and must "establish that but for the retaliatory motive the complained of incident -- such as the [denial of medical care] as in the case at bar--would not have occurred." *Id.* (Citations omitted.) Mere conclusory allegations of retaliatory motive or intent are not sufficient. The inmate must produce direct evidence of retaliatory motivation or "'allege a chronology of events from which retaliation may be plausibly inferred.'" *Id.*, quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988).

The plaintiff has failed to come forward with evidence of retaliatory motive in support of his motion for injunctive relief.

Accordingly,

IT IS RECOMMENDED that the "Motion of Retaliation" be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of December, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE