# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| SEAN K. BORDELON | CIVIL ACTION NO. 05-1874 |
| VS. | SECTION P |
| JOEL D. ALEXANDRE, ET AL | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is *pro se* civil rights (42 U.S.C. § 1983) complaint[1] filed on October 24, 2005. Plaintiff is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the Federal Corrections Institute–Oakdale (FCIO) in Oakdale, Louisiana. Plaintiff complains of events that occurred at that facility, and names the following as defendants herein: FCIO Drs. Joel Alexandre and Salvadore Villalon, and health services administrator Scarlet Lusk.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

The basis for plaintiff's claims herein is inadequate medical care. More specifically, plaintiff states that he is a disabled veteran and has been treated for his disabilities for some eight years prior to his incarceration. Plaintiff alleges that he has been treated in a "negative,

---

[1] Because it alleges civil rights violations by federal defendants, the action is construed as one brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

capricious, arbitrarily manner"[2] by the health services at Oakdale, despite that they were provided copies of his previous medical records. In regard to the particular defendants, plaintiff claims that on several occasions, Dr. Alexandre discontinued or allowed his medications to lapse. Plaintiff also claims that on four or more occasions, Dr. Salvadore Villalon argued with him "that he has no disabilities and he does not need the medications."[3] Plaintiff further alleges that Drs. Alexandre and Villalon retaliated against him for filing a grievance.[4]

Plaintiff's claims against defendant Lusk center around his allegations of inadequate medical care. Specifically, plaintiff contends that as the administrator of health services at FCIO, defendant Lusk "is the decision maker of all issues . . . and condoned the clinical directors actions of stopping plaintiffs chronic care medications."[5] Plaintiff states that this action constitutes deliberate indifference and caused him severe pain and suffering. Finally, plaintiff contends that all of the defendants violated his rights under the Americans with Disabilities Act (ADA).

As a result of the above, plaintiff seeks compensatory, punitive and nominal damages against the defendants.

## LAW AND ANALYSIS

### Failure to Exhaust Administrative Remedies

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e, was amended by

---

[2] Doc. #1-1, p. 3.

[3] Doc. #1-1, p. 3.

[4] Doc. #1-1, p.4.

[5] Doc. #8, p.1.

the Prison Litigation Reform Act (PLRA). As amended, §1997e(a) makes the exhaustion requirement **mandatory** in prison conditions cases. Section 1997e(a) provides,

> (a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The statute provides for no exceptions,[6] and precludes any further action on these claims until plaintiff has fully exhausted the administrative remedy procedure. See also *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir.1998)(§1997e(a) "plainly requires that administrative remedies be exhausted **before** the filing of a §1983 suit, rather than while the action is pending..." "[t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation."); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir.1998)(dismissal for failing to exhaust administrative remedies is justified "as a deterrent to premature filing by...other potential litigants, thus serving the Congressional purpose of providing relief from frivolous prisoner litigation..." and "[b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [the plaintiff] sought relief to which he was not entitled--that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.").

Plaintiff had available to him the multi-step procedure set forth in the Bureau of Prison's Administrative Remedy Program. See 28 C.F.R. § 542. Nevertheless, the plaintiff admits that he

---

[6] see also *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002), "... we hold that the PLRA's exhaustion requirement <u>applies to all inmate suits about prison life</u>, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. (citation omitted)."

failed to exhaust administrative remedies before filing this lawsuit as required by 42 U.S.C. §1997e(a). [Doc. 1-1, p. 2]. Thus, by his own admission, plaintiff did not properly utilize the available administrative remedy procedure before filing this suit.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available administrative remedies prior to the filing of suit as mandated by 42 U.S.C. §1997e.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 3rd day of March, 2006.**

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

4